Mutoni v. Garland

BIA
Ruehle, IJ
A205 277 608

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of August, two thousand twenty-three.

PRESENT:
    GERARD E. LYNCH,
    RAYMOND J. LOHIER, JR.,
    EUNICE C. LEE,
        *Circuit Judges.*

_____

CLELIA-ARIELLE MUTONI,
        *Petitioner,*

    v.                                                      19-4304
                                                            NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*

_____

**FOR PETITIONER:**          Anne E. Doebler, Buffalo, NY.

**FOR RESPONDENT:**          Jeffrey Bossert Clark, Acting Assistant
                             Attorney General; Ernesto H. Molina, Jr.,
                             Deputy Director; Nancy N. Safavi, Trial
                             Attorney, Office of Immigration Litigation,
                             United States Department of Justice,
                             Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Clelia-Arielle Mutoni, a native and citizen of Burundi, seeks review of a November 26, 2019 decision of the BIA affirming a March 5, 2018 decision of an Immigration Judge ("IJ"), which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Clelia-Arielle Mutoni*, No. A 205 277 608 (B.I.A. Nov. 26, 2019), *aff'g* No. A 205 277 608 (Immig. Ct. Buffalo Mar. 5, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We review adverse credibility determinations "under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of

fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Where, however, there is an error in one of the bases for an adverse credibility determination, we remand unless we can be "confident that the agency would reach the same result upon a reconsideration cleansed of errors." *Gurung v. Barr*, 929 F.3d 56, 62 (2d Cir. 2019) (quotation marks omitted). We grant Mutoni's petition and remand because we cannot be so confident here.

The BIA relied on three inconsistencies in finding Mutoni not credible as to

3

her claim that she was kidnapped and assaulted because she was a journalist and feared future harm on that basis. But the first of these inconsistencies, regarding the year Mutoni completed her college classes, is not supported by the record.

Mutoni initially testified that she "graduate[d]" from university in 2009 and began working at Net Press (a news organization) about four months later. Cert. Admin. R. at 265. She later testified consistently that she attended classes at the university until September or October 2009, began working at Net Press in January 2010, and graduated in 2011 after writing a thesis. When asked why her diploma stated that she attended classes only until 2008, she testified that this was a mistake that she had not noticed earlier. The agency should have accepted that explanation because the year on the untranslated document is consistent with Mutoni's testimony, and the inconsistency resulted from a transposition of the dates by the translator. *Compare* Cert. Admin. R. at 788 (Translation) (diploma issued "10/31/2011" and reporting that Mutoni "regularly took courses . . . during the period from 06/05–09/08"), *with id.* at 787 (Original) ("durant la période 05/06–08/09" and "Délivré . . . le 31/10/2011"); *cf. Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2018) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable

fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)). An inconsistency remained because Mutoni testified that she attended classes until September 2009, while her diploma reflected that she finished classes in August, but that difference may be insignificant as it does not alter the overall timeline of Mutoni's account.

Further, the BIA overlooked the distinction that Mutoni made between completing classwork and graduating. Mutoni used the term "graduate" to refer to both events; but that imprecise word choice does not provide sufficient support for an adverse credibility determination. *See Gurung*, 929 F.3d at 61 (holding that "trivial differences in the wording of statements describing the same event are not sufficient to create inconsistencies . . . especially . . . where an immigrant applicant is relying on an interpreter to convey his story"). Notably, the IJ did not find the testimony to be inconsistent about when Mutoni graduated, but only about when she completed her college classes.

Where the agency's adverse credibility determination contains an error, "we can (and we will) affirm only if (a) the agency offered a clearly independent and sufficient ground for its ruling, one that is not affected by any erroneous adverse credibility findings, or (b) the evidentiary record includes statements that are so

inconsistent that we can be confident that the agency would not accept any kind of explanation." *Id.* at 62. We do not conclusively determine the validity of the other inconsistencies, but address them only to explain why we cannot conclude that remand would be futile. *Id.*

The two remaining inconsistencies in the record are not significant and might be explained. As the agency noted, Mutoni gave a May 2011 start date for her employment at Net Press on her LinkedIn profile, and the agency was not compelled to accept her explanation for giving this date on her profile (rather than the January 2010 date that she maintained was correct). But, in light of the error regarding the date Mutoni completed college classes, we are not convinced that the agency would not accept any explanation for this inconsistency: there was other evidence corroborating the January 2010 start date; the agency already accepted Mutoni's explanation for omitting different information from her LinkedIn profile; and—as she notes here and as the IJ also observed—the date she gave on LinkedIn coincided with her employer's release from prison, suggesting a plausible explanation that, in the context of a public profile for seeking employment, she wished to disassociate herself from the company during the period when its owner was incarcerated.

The final inconsistency related to the sequence of events during an alleged 2012 kidnapping and rape. While we agree that the inconsistency was present, we cannot be confident that the agency would view Mutoni's inconsistent description of a traumatic event in the same light if it viewed her testimony about other aspects of her biography as consistent. We note that the agency did not find that other lapses in Mutoni's memory of this incident—including how many people raped her—undermined her credibility.

In addition, the agency's corroboration findings do not provide an independent alternative ground to deny the petition. The BIA found that Mutoni failed to present sufficient corroborating evidence to rehabilitate her testimony, but it is not clear that the agency would have required additional corroboration if it found Mutoni's testimony credible. *See* 8 U.S.C. § 1158(b)(B)(ii) ("The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration" if that testimony "is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee."); *see also Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate . . . may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been

7

called into question."). Mutoni presented substantial country conditions evidence documenting abuses of journalists, including two with whom she claimed to have a relationship, and she also presented letters and other documents corroborating the alleged assault. Further, the IJ found that Mutoni should have corroborated her testimony with her press badge from Net Press, in part because her testimony that she had a badge was called into question by her witness's testimony that he was a journalist at Net Press and he did not have a badge. But we do not read the witness's testimony as denying that he had a badge; he testified that he was issued a badge, but he did not currently have it and did not generally use it to identify himself.

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8